UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                         :

   IN RE:                                    :   CASE NO.: 25-42826-ess
                                          :
                                          :   CHAPTER: 13
   Jozette Carter-Williams,                :
                                          :   HON. JUDGE:
                                          :   Elizabeth S. Stong
   Debtor.                                   :
                                          :
                                          :
------------------------------------------------------------------X

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## <u>REGARDING REAL PROPERTY</u>

Fay Servicing, LLC as Servicer for U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust ("Movant"), by and through its undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362 (d)(1); vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s premises located at 154 Pelton Avenue, Staten Island, NY 10310 ("Property"); granting Movant reasonable attorney fees and costs; and granting Movant such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

    1. Movant is a secured creditor of Jozette Carter ("Debtor") pursuant to a Note executed by the Debtor on November 17, 2006, whereby the Debtor promised to repay $488,280.52 plus interest to Wells Fargo Financial Credit Services New York, Inc. (the "Note"). To secure the repayment of the Note, the Debtor executed a Mortgage (the "Mortgage," Note and Mortgage, collectively, the "Loan") in favor of Wells Fargo Financial Credit Services New York, Inc., which was recorded on December 11, 2006, in the Richmond County Clerk's Office as Instrument No. 166630 (the "Mortgage") encumbering the Property. The Debtor entered into a Loan Modification Agreement, effective June 22, 2021, which created a new principal balance in the amount of $813,403.90 (the "Loan Modification"). The Loan was ultimately assigned to Movant by an assignment of mortgage recorded on

March 24, 2017 (the "Assignment of Mortgage"). Copies of the Note, Mortgage, Loan Modification, and Assignments of Mortgage are attached hereto as **Exhibit A**.

2. A Petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on June 11, 2025.

## LEGAL ARGUMENT

3. The Debtor has failed to make current mortgage payments due under the terms of the Loan. As a result, the Loan remains contractually due for July 22, 2021, and each subsequent payment due thereafter. To date, no post-petition payments have been made.

4. Pursuant to 11 U.S.C. § 362(d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

5. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Taylor*, 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993).

6. In addition, Movant requests an Order allowing Movant to offer and provide Debtor with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with the Debtor without further order of the court.

7. A copy of the Relief from Stay-Real Estate and Cooperative Apartments is attached hereto as **Exhibit B**.

8. Movant respectfully requests reasonable attorney fees in the amount of $1,350.00 and costs in the amount of $199.00.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362 (d)(1); vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s Property); granting reasonable

attorney fees and costs; and for such other, further and different relief as to this Court may deem just, proper, and equitable.

Dated: Garden City, New York

   December 19, 2025

                By: /s/ Micharl Rozea_____
                Michael Rozea, Esq.
                FRIEDMAN VARTOLO LLP
                Attorneys for Movant
                1325 Franklin Avenue, Suite 160
                Garden City, NY 11530
                T: (212) 471-5100 F: (212) 471-5150